IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EDGAR L. WEEMS,** | CV 03-1608-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **UMATILLA CO., UMATILLA CO. JAIL, et al., policymaker, BOB HENSEL, PENNY EVANS, OFFICER COOPER, DEFENDANT A, DEFENDANT B, DEFENDANT C, DEFENDANT D, DEFENDANT E, in their individual and official capacities,** | |
| Defendants. | |

**EDGAR L. WEEMS**
32715 Baxter Road
Hermiston, OR 97838

    Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**ROBERT S. WAGNER**
**ROBERT BEATTY-WALTERS**
Miller & Wagner LLP
2210 N.W. Flanders Street
Portland, OR 97210
(503) 299-6116

Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion for Summary Judgment (#51), Plaintiff's Cross-Motion for Summary Judgment (#64), and Plaintiff's Motion for Leave to File an Amended Complaint (#61).

For the reasons that follow, the Court **GRANTS** Defendant's Motion for Summary Judgment, **DENIES** Plaintiff's Cross-Motion for Summary Judgment, and **DENIES as moot** Plaintiff's Motion for Leave to File an Amended Complaint.

## BACKGROUND

On June 18, 2002, Plaintiff Edward L. Weems was booked into Umatilla County Jail pending sentencing on convictions for Possession of Methamphetamine and Manufacture and Possession of Marijuana. After a period of observation, Plaintiff was placed in Cell Block 600.

On July 22, 2002, Plaintiff called corrections officers through the intercom in his cell to report a fight in the day room of the cell block outside his cell. Defendant Corrections

2 - OPINION AND ORDER

Officers A, B, C, and D came to Plaintiff's cell and, as a result, exposed Plaintiff as the individual who had "snitched" on the other inmates. Because the corrections officers were aware Plaintiff's exposure as a "snitch" placed him at risk of harm from the other inmates in Cell Block 600, Corrections Officers A, B, C, and D placed Plaintiff in administrative segregation.

On July 23, 2002, Corrections Officer Cooper took Plaintiff off of administrative segregation in accordance with Umatilla County Corrections Division Policy and Procedure and placed Plaintiff in Cell Block 400. On the same day, Plaintiff reported he overheard inmates making statements that Plaintiff believed were threats. Plaintiff also believed inmates from Cell Block 600 were now in Cell Block 400. In response to Plaintiff's report, Corrections Officer Cooper moved Plaintiff to Cell Block 300 and placed him in protective custody.

On August 6, 2002, Corrections Officer Cooper reclassified Plaintiff to minimum security, allowed Plaintiff into the general population, and transferred Plaintiff to Cell Block 100, which is a general population "dorm"-type cell block for minimum-security inmates. Plaintiff did not send any "kites" or complain about his transfer to Cell Block 100 because he "didn't feel threatened in there. [He] didn't feel a need to send a kite. [He] didn't recognize anybody in there from [Cell Block] 600. And . . . nobody made any comments."

On August 7, 2002, when Plaintiff sat next to Jeremy Hollyer another inmate, Hollyer told Plaintiff not to sit there because he doesn't sit with "rats."  Plaintiff responded, "Well, I'll sit wherever I want."  At that point Hollyer "smacked" Plaintiff twice.  Plaintiff was seen by a jail nurse immediately following the incident and was treated for complaints of a toothache and rattling in his left ear.  Plaintiff was transferred out of Cell Block 100 and placed on protective custody in Cell Block 700 for two days.  Plaintiff then was transferred to Cell Block 300 and remained in protective custody.  Plaintiff was transferred out of Umatilla County Jail on September 12, 2002.

On November 17, 2003, Plaintiff filed a Complaint in this Court alleging Defendants violated his constitutional rights under the Eighth and Fourteenth Amendments when they failed to make, to adopt, or to follow a policy regarding protective custody of inmates, and to provide Plaintiff with medical treatment following the assault by Hollyer.  On January 23, 2004, the Court issued an Order dismissing Plaintiff's Complaint for procedural deficiencies.  The Court allowed Plaintiff to file an Amended Complaint to cure the deficiencies noted in the Court's Order.

On February 12, 2004, Plaintiff filed an Amended Complaint.  Plaintiff, however, filed only pages one and five of the Amended Complaint.  Accordingly, the Court allowed Plaintiff time to file

a Second Amended Complaint containing a complete statement of Plaintiff's claims.

On May 5, 2004, Plaintiff filed a Second Amended Complaint in which he alleged claims against Defendants under 42 U.S.C. § 1983 for failure to protect Plaintiff, failure to have qualified medical staff and failure to provide Plaintiff with medical care in violation of his constitutional rights under the Eighth and Fourteenth Amendments.

On May 9, 2005, Defendants filed the pending Motion for Summary Judgment. On June 7, 2005, Plaintiff filed his pending Cross-Motion for Summary Judgment.

## **MOTIONS FOR SUMMARY JUDGMENT**

### **Standards**

**I.  Summary Judgment**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

An issue of fact is genuine "'if the evidence is such that a

5 - OPINION AND ORDER

reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*. A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required. *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

## II. Motion to Amend

In civil rights cases involving a plaintiff proceeding *pro se*, this Court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998). *See*

*also Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint, the court must provide the plaintiff with a statement of the Complaint's deficiencies. *McGuckin*, 974 F.2d at 1055. *See also Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). The court will permit a *pro se* litigant to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623. *See also Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987).

## Discussion

### I. Plaintiff's Failure-to-Protect Claim

Defendants contend they are entitled to summary judgment as to Plaintiff's claim that Defendants failed to protect Plaintiff on the ground that there is not any evidence Defendants knew about and disregarded a substantial risk to Plaintiff or failed to take reasonable measures to protect Plaintiff.

A prisoner may state a § 1983 claim under the Eighth and Fourteenth Amendments against prison authorities who act with deliberate indifference to the threat of serious harm or injury by another prisoner. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). The deliberate indifference standard

>           does not require that the guard or official
>           believe to a moral certainty that one inmate
>           intends to attack another at a given place at a
>           time certain before that officer is obligated to
>           take steps to prevent such an assault.  But, on
>           the other hand, he must have more than a mere
>           suspicion that an attack will occur.

*Berg*, 794 F.2d at 458.  In evaluating whether Defendants acted with deliberate indifference, the court may consider "whether, in allegedly exposing the prisoner to danger, . . . the officials took prophylactic or preventive measures to protect the prisoner, and whether less dangerous alternatives were in fact available." *Id.* at 462 (citations omitted).

Although Defendants exposed Plaintiff as a snitch, they, nonetheless, immediately moved Plaintiff to a different cell block because they recognized Plaintiff was in potential danger from other inmates in Cell Block 600.  In addition, when Plaintiff expressed concern that inmates in Cell Block 400 were talking about him and that Plaintiff felt threatened, Defendants moved him to Cell Block 300 and placed him in protective custody.  The Court notes Plaintiff also admitted in his deposition that he did not complain when Defendants transferred him out of protective custody to Cell Block 100 because he "didn't feel threatened in there.  [He] didn't feel a need to send a kite.  [He] didn't recognize anybody in there from [Cell Block] 600.  And . . . nobody made any comments."

The Court finds Plaintiff has not presented any evidence

that Defendants suspected or anticipated Hollyer would strike Plaintiff. Hollyer was not a resident of Cell Block 600 before he was placed in Cell Block 100 with Plaintiff. In addition, Hollyer and Plaintiff were both housed in Cell Block 300 from July 23 to July 31, 2002, without incident. After the assault, however, Defendants transferred Plaintiff and Hollyer to different cell blocks and placed Plaintiff in protective custody until he was released from jail.

Accordingly, the Court concludes Plaintiff has not presented any evidence that Defendants failed to take action to protect Plaintiff from potential harms of which Defendants were aware. The Court, therefore, holds Defendants are entitled to summary judgment on this issue.

## II. Plaintiff's Claim Regarding Defendants' Alleged Failure to Provide Adequate Medical Care

Defendants also contend they are entitled to summary judgment as to Plaintiff's claim that Defendants failed to provide Plaintiff with adequate medical care on the ground that Plaintiff has not exhausted his administrative remedies. Defendants, therefore, assert Plaintiff's claim is barred by the Prisoner Litigation Reform Act of 1995. 42 U.S.C. § 1997e.

The Prison Litigation Reform Act (PLRA) of 1995 amended § 1997e to provide "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other

9 - OPINION AND ORDER

correctional facility until such administrative remedies as are available are exhausted."  The procedure established by the Bureau of Prisons for federal inmates to seek formal review of complaints relating to any aspect of their confinement is set forth in 28 C.F.R. §§ 542.10-542.16.

28 C.F.R. § 542.13(a) provides in pertinent part:

> Informal Resolution. Except as provided in § 542.13(b), an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy.  Each Warden shall establish procedures to allow for the informal resolution of inmate complaints.

Umatilla County Corrections promulgated an inmate grievance procedure as directed by federal regulations.  The procedure requires inmates to take the following steps to submit a grievance:

> Step 1:  An inmate desiring to file a grievance must do so, by submitting an Inmate Request Form to a Corrections Officer. . . .  [T]he Corrections Officer will make efforts to correct the situation if possible.
>
> * * *
>
> Step 2:  If the inmate is still dissatisfied with the situation or feels the Corrections Officer has not or cannot resolve the problem.  The inmate will be given an Inmate Grievance Form.
>
> * * *
>
> Step 3:  When the Grievance Form has been completed and signed by the inmate, a copy will be left with the inmate.  The grievance form will be directed to the Shift Supervisor.  The Shift

> Supervisor will answer the grievance, sign and
> date it, and return one (1) copy to the inmate,
> forward one (1) copy to the Jail Administrator and
> put one (1) copy in the inmate's file.

Beatty-Walters Aff. Ex. 16. The procedure also provides for appeal of the Shift Supervisor's decision.

Although he filed a grievance regarding medical costs and complaints about his assault, Plaintiff concedes he did not file a grievance regarding his dissatisfaction with the nature of his medical or dental care. Accordingly, the Court finds Plaintiff did not exhaust the grievance process provided by Umatilla County Corrections with respect to his claim against Defendants for denial of adequate medical and dental care. The Court, therefore, concludes Defendants are entitled to summary judgment because the PLRA bars an action in this posture.

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

As noted, the court must provide a *pro se* litigant leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623. *See also Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987).

Plaintiff moves to amend his complaint to add or to substitute additional Defendants in place of Defendants A, B, C, and D. The Court concludes, however, that allowing Plaintiff to amend his Second Amended Complaint would be futile because

11 - OPINION AND ORDER

Plaintiff has not exhausted his administrative remedies and has not established any violation of his constitutional rights. Accordingly, Plaintiff's Motion to Amend is denied as moot.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment (#51), **DENIES** Plaintiff's Cross-Motion for Summary Judgment (#64), and **DENIES as moot** Plaintiff's Motion for Leave to Amend the Second Amended Complaint (#61). Accordingly, the Court **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 20th day of September, 2005.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

Weems cv 03-1608 o&o.05-20-05.wpd

12 - OPINION AND ORDER